FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ JAN 25 2019 ★

BROOKLYN OFFICE

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LORREN V. WHITFIELD,
ANGEL LUIS TORRES JR.,

                        Plaintiffs,

        -against-

McCABE, WEISBERG & CONWAY, P.C.,
LECLAIRE/RYAN, PNC N.A., JOHN/JANE
DOE/S 1-25,
                        Defendants.
------------------------------------------------------------X
```

FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y. ★ JAN 25 2019 ★ BROOKLYN OFFICE

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-7259 (WFK) (LB)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On December 20, 2018, plaintiffs Lorren V. Whitfield and Angel Luis Torres, Jr., proceeding *pro se*, filed this action against defendants McCabe, Weisberg & Conway, P.C., LeClaire/Ryan N.A., PNC N.A., and John and Jane Does 1-25 (collectively, "Defendants") and paid the filing fee to commence the action. On January 16, 2019, plaintiffs filed an "emergency motion" for a temporary restraining order.

As an initial matter, it is unclear whether Angel Luis Torres, Jr. ("Torres") has standing to bring this action. The complaint fails to show what role, if any, Torres has in this action or in the state court foreclosure and holdover proceedings (discussed below), as those proceedings were commenced against Lorren V. Whitfield ("Whitfield" or "Plaintiff"). To the extent Torres is seeking to represent Whitfield in this action, he may not do so. It is well-settled that a lay person cannot represent another individual. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a lay person may not represent a corporation or a partnership or appear on behalf of his or her own child."). If Torres is not a licensed lawyer admitted to the Bar of the State of New York and this District, he is prohibited

1

from representing Whitfield in this matter. Accordingly, the Court shall address the complaint as filed by Lorren V. Whitfield as the sole plaintiff.

## BACKGROUND

Plaintiff challenges the foreclosure of property located at Apartment 3C, 246-250 Sumpter Street in Brooklyn ("the property") and sues PNC Bank and the attorneys—McCabe, Weisberg & Conway P.C. and LeClairRyan P.C.—representing PNC Bank in the Supreme Court of the State of New York, County of Kings. *See* Compl. at 50, 67-71, *PNC Bank v. Whitfield*, Index No. 502623/2014 (N.Y. Sup. Ct. 2017). On March 6, 2017, the state court entered a Judgment of Foreclosure and Sale. *See* Judgment of Foreclosure and Sale, *PNC Bank*, Index No. 502623/2014, Doc. No. 59. On February 1, 2018, Defendants filed a holdover petition in New York City Civil Court, County of Kings under Index No. 56471-2018. Compl. at 23, 46, ECF. No. 1. On February 11, 2018, the Civil Court granted PNC Bank's holdover petition and directed Whitfield to vacate the property by August 11, 2018. *Id.* at 17-18. Plaintiff now files this action along with a separate "emergency motion" seeking to stay the transfer of the property.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court should hold Plaintiff's pleadings "to less stringent standards than formal pleadings drafted by lawyers."

2

*Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citation and internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

Even if Plaintiff has paid the Court's filing fee, a district court may dismiss the action, *sua sponte*, if it determines that the action is frivolous, *see Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 263, 363-64 (2d Cir. 2000), or that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) ("An action is frivolous if it lacks an arguable basis in law and fact—*i.e.*, where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction exists only when a "federal question" is presented (28 U.S.C. § 1331), or when there is "diversity of citizenship" and the amount in controversy exceeds $75,000.00 (28 U.S.C. § 1332). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). "When a federal court concludes that it lacks subject-matter

jurisdiction, the court must dismiss the complaint in its entirety." *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).

## **DISCUSSION**

Although Plaintiff cites to the United States Constitution and various federal statutes in his complaint, *see* Compl. at 1, 4, he fails to allege facts sufficient to support federal question jurisdiction.[1] *See S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010) ("[T]he district court has subject matter jurisdiction unless the purported federal claim is clearly immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." (internal quotation marks omitted)). A case arises under federal law when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint 'necessarily depends on resolution of a substantial question of federal law.'" *Bracey v. Bd. of Educ. of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (citation omitted). "Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002).

To the extent Plaintiff asks this Court to review and reject a judgment of foreclosure and a judgment of holdover/eviction entered in state court, his claim is barred. Pursuant to the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486-87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The doctrine applies when (1) the federal court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and

---

[1] Plaintiff fails to provide facts to support a cognizable claim against defendants for any alleged violations of the United States Constitution, which does not apply to private parties, *see Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005), or provide facts to support a cognizable claim under the following federal statutes: 18 U.S.C. § 1341, 42 U.S.C. §§ 1981, 1982, 1983, 1985(3), 1996, 28 U.S.C. §§ 1331, 1350, 15 U.S.C. § 1692.

4

reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). As the Second Circuit explained, "[j]ust presenting in federal court a legal theory not raised in state court[] cannot insulate federal plaintiff's suit from *Rooker-Feldman* if the federal suit nonetheless complains of injury from a state-court judgment and seeks to have that state-court judgment reversed." *Hoblock*, 422 F.3d at 86.

Here, the *Rooker-Feldman* doctrine applies because (1) Plaintiff challenges a state foreclosure judgment and a holdover/eviction judgment; (2) the alleged injuries stemmed from those judgments; (3) Plaintiff seeks review and rejection of the state court's judgments; and (4) Plaintiff filed the district court complaint after the state court's judgments were issued. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (holding state foreclosure action and judgment barred from district court review by *Rooker-Feldman* doctrine); *Morris v. Sheldon J. Rosen P.C.*, 11-CV-3556, 2012 WL 2564405, at *4-5 (E.D.N.Y. July 2, 2012) (Gleeson, J.) (holding holdover/eviction judgment barred from district court review by *Rooker-Feldman* doctrine), *aff'd sub nom.* 577 F. App'x 41 (2d Cir. 2014) (summary order); *Murphy v. Riso*, 11-CV-0873, 2012 WL 94551, at *6 (E.D.N.Y. Jan. 12, 2012) (Bianco, J.) (noting "numerous courts in this Circuit . . . have consistently held that attacks on a judgment of foreclosure are barred by the *Rooker-Feldman* doctrine" and listing cases); *see also Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005) (affirming dismissal on *Rooker-Feldman* grounds where plaintiffs alleged "various civil and constitutional rights violations" but their claims "essentially amount[ed] to an objection to the disposition of the foreclosure action" by the state court). Because this case meets the requirements set out in *Hoblock* and *Exxon*, this Court

concludes the *Rooker-Feldman* doctrine applies to that portion of Plaintiff's complaint seeking to overturn the foreclosure and holdover/eviction judgments issued by the state courts.

However, to the extent Plaintiff alleges that Defendants are debt collectors who violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p, that claim is not barred by the *Rooker-Feldman* doctrine. *See Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 82 (2d Cir. 2018) ("[A] foreclosure action is an 'attempt to collect a debt' as defined by the FDCPA."). At present, Plaintiff fails to provide facts sufficient to support an FDCPA claim to proceed against Defendants. *See id.* at 84-88 (dismissing the FDCPA claims for failure to state a claim).

## CONCLUSION

Accordingly, Plaintiff's complaint seeking to overturn the foreclosure judgment and eviction/holdover judgment issued by the state courts is dismissed pursuant to the *Rooker-Feldman* doctrine. Likewise, Plaintiff's "emergency motion" seeking to stay the transfer or sale of, or eviction from the property—the subject of the state court judgments of foreclosure and holdover/eviction—is denied.

However, Plaintiff's FDCPA complaint against Defendants shall proceed. Considering Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint to provide facts in support of his FDCPA claim against Defendants within 30 days from the entry of this Order. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). If Plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 18-CV-7259 (WFK) (LB). The amended complaint shall replace the original complaint.

Plaintiff is reminded that he must effectuate service of process of the summons and complaint (and amended complaint) upon the Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Although Plaintiff paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purposes of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK
WILLIAM F. KUNTZ, II
United States District Judge

Dated: January 23, 2019
       Brooklyn, New York